UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH SHEPPARD on behalf of himself and those
similarly situated,

            Plaintiff,

-vs-                                          Case No. 2:08-cv-289-FtM-99SPC

HERITAGE OPERATING, L.P. a Deleware
Limited Partnership doing business as Balgas,

            Defendant.
_____

## ORDER

      This matter comes before the Court for approval of the Settlement Agreement. On February 9, 2010, the parties mediated with the undersigned during a settlement conference. The parties signed a Notice, Consent, and Reference of A Civil Action to a Magistrate Judge (Doc. #57) indicating their stipulation for the remainder of the case to proceed before the Magistrate Judge. The District Court approved the parties' consent on February 10, 2010. See Doc. #57. The parties mediation discussion resulted in a settlement agreement. Therefore, the Court must review the settlement for fairness.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C.

§216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the parties presented the terms of their agreement to the undersigned during the settlement negotiations. Both parties were represented by Counsel. The Parties agree the lawsuit involves disputed issues, including liquidated damages and the number of hours worked. However, the parties further agree the settlement reached reflects a reasonable compromise of the issues. Upon review, the Court concludes the Plaintiff, after having the opportunity to fully discuss it with Counsel, has agreed that the settlement figure was entered into knowingly and voluntarily. Therefore, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA

Accordingly, it is now

**ORDERED:**

The Settlement Agreement approval is **GRANTED**. The case shall be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk is directed to terminate any pending motions and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of February, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record